FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 14 2008

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Pamela J. Byerly
Assistant United States Attorney
Post Office Box 1494
Spokane, WA  99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS ROSS, JR.,<br><br>Defendant. | CR-07-179-WFN<br><br>Plea Agreement |

Plaintiff United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Pamela J. Byerly, Assistant United States Attorney for the Eastern District of Washington, and Defendant JAMES DOUGLAS ROSS, JR., and his counsel, Ms. Jaime M. Hawk, agree to the following:

1.   Guilty Plea and Maximum Statutory Penalty:

The Defendant, JAMES DOUGLAS ROSS, JR., agrees to plead guilty to the Indictment, dated December 18, 2007, which charges him with Transportation of an Illegal Alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). JAMES DOUGLAS ROSS, JR. understands this charge is a Class C felony offense that carries a maximum statutory penalty of: not more than a ten-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; and a $100 special penalty assessment.

2. <u>Violation of Supervised Release</u>:

JAMES DOUGLAS ROSS, JR. understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, without credit for time previously served on post-release supervision.

3. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject it. JAMES DOUGLAS ROSS, JR. understands: that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by JAMES DOUGLAS ROSS, JR.; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalty.

JAMES DOUGLAS ROSS, JR. acknowledges that no promises of any type have been made to him regarding the sentence the Court will impose in this matter. JAMES DOUGLAS ROSS, JR. understands that the Court is required to consider the applicable sentencing range under the advisory Sentencing Guidelines, but that the Court may depart upward or downward from the range.

JAMES DOUGLAS ROSS, JR. also acknowledges that the Court may not accept any of the parties' recommendations set forth in this Plea Agreement. JAMES DOUGLAS ROSS, JR. understands that such a circumstance does not provide him a basis for withdrawing from this Plea Agreement or for withdrawing his plea of guilty.

4. <u>Waiver of Constitutional Rights</u>:

JAMES DOUGLAS ROSS, JR. understands that by entering a plea of guilty he is knowingly and voluntarily waiving certain constitutional rights, including: (a.) the right to a jury trial; (b.) the right to see, hear and question the witnesses;

Plea Agreement - 2
P80204dsd.PBE.wpd

(c.) the right to remain silent at trial; (d.) the right to testify at trial; and (e.) the right to compel witnesses to testify.

While JAMES DOUGLAS ROSS, JR. understands he is waiving certain constitutional rights, he also understands that he will retain the right to be assisted through the sentencing process and any direct appeal by an attorney, who will be appointed at no cost if he cannot afford to hire an attorney. JAMES DOUGLAS ROSS, JR. acknowledges that pending pretrial motions, if any, are waived.

5. Elements of the Offense:

JAMES DOUGLAS ROSS, JR. acknowledges and agrees that, in order to be found guilty of the charge to which he is pleading guilty, the United States would have to prove each of the following elements beyond a reasonable doubt:

**First,** on or about December 14, 2007, Angela L. Kierstead was an alien, that is, a person who was not a natural-born or naturalized citizen and national of the United States; and

**Second,** at that time, Angela L. Kierstead was unlawfully in the United States having not been duly admitted by an Immigration Officer or other authorized United States official; and

**Third,** at that time, JAMES DOUGLAS ROSS, JR. knew and was in reckless disregard of the fact that Angela L. Kierstead was unlawfully in the United States; and

**Fourth,** at that time, in the Eastern District of Washington, JAMES DOUGLAS ROSS, JR. knowingly transported or moved, or attempted to transport or move Angela L. Kierstead in order to help her remain in the United States.

6. Factual Basis and Statement of Facts:

JAMES DOUGLAS ROSS, JR. acknowledges, stipulates, and agrees that, in proving the elements of the crime to which he is pleading guilty, the United States can establish the following facts beyond a reasonable doubt, that these facts constitute an adequate basis for his plea of guilty; and that for sentencing

Plea Agreement - 3
P80204dsd.PBE.wpd

1  purposes, neither party is precluded from presenting additional facts and arguing
2  the relevance of the facts to the Sentencing Guidelines computation or to
3  sentencing generally, unless otherwise prohibited by this Plea Agreement:
4        On December 13, 2007, at approximately 10:50 p.m., the Laurier Port of
5  Entry (POE) received information that a citizen had reported an individual in
6  camouflage clothing loitering in the woods just north of the POE. Supervisory
7  Border Patrol Agent (SBPA) Roman, Border Patrol Agent (BPA) Madonna, and
8  BPA Zuleski responded to the area to check for signs of illegal entry into the
9  United States. Upon cutting sign near a local road, Stecker Road, BPA Zuleski
10 observed a single set of footprints on a private driveway off Stecker Road leading
11 northbound toward the U.S./Canadian border. Upon further investigation, BPA
12 Zuleski located a Dodge pick-up truck, bearing Washington State License Plate
13 No. B77361A, parked just off of Stecker Road where the single set of footprints
14 originated. BPA agents observed several knives and construction equipment
15 inside the vehicle.
16       Thereafter, BPA Zuleski positioned himself on McIrvin's Road, which is
17 located just south and east of where the Dodge pick-up had been located. At
18 approximately 12:40 a.m., on December 14, 2007, BPA Zuleski observed the
19 Dodge pick up turning south on Hwy. 395 from Stecker Road. BPA Zuleski
20 observed two occupants in the vehicle.
21       BPA Zuleski activated his emergency lights just north of Rock Cut Road on
22 Hwy. 395. The Dodge pick-up truck yielded and stopped on the side of the road.
23 BPA Zuleski approached the vehicle, identified himself as a United States Border
24 Patrol Agent, and asked both occupants to state their citizenship. The driver, later
25 identified as JAMES DOUGLAS ROSS, JR. stated that he was a United States
26 citizen. The passenger, later identified as Angela L. Kierstead, also stated that she
27 was a United States Citizen. BPA Zuleski requested identification from both, but
28 Ms. Kierstead had none. Upon further questioning, Ms. Kierstead admitted to

being in the United States without having been admitted or paroled by any government authority.

    Upon further questioning by a Border Patrol agent, Ms. Kierstead stated: that she had been introduced to JAMES DOUGLAS ROSS, JR. by a mutual friend named "Drew;" that she did not know Drew's last name; that she initially began communicating with JAMES DOUGLAS ROSS, JR. through an online chat room in January of 2007; and that they communicated several times via the chatroom, and eventually exchanged phone numbers. Ms. Kierstead went on to state that JAMES DOUGLAS ROSS, JR. knew she was a Canadian citizen and that, on September 10, 2007, she attempted to enter the United States near Vancouver, British Columbia, Canada, to visit him. She explained, however, that government authorities denied her entry into the United States because she had "no ties and equities." Ms. Kierstead explained further that at that time she had a one-way bus ticket from Vancouver, British Columbia to Spokane, Washington. Because she was denied entry, she returned home in Canada. Ms. Kierstead stated that she "got fed up with trying to do all the paperwork" to enter the United States legally, so she decided to enter the United States illegally.

    Ms. Kierstead stated that on October 12, 2007, she flew from New Brunswick, to Toronto, to Kelowna, British Columbia, Canada with the intent of meeting JAMES DOUGLAS ROSS, JR. in the United States and staying with him for a period of time. Ms. Kierstead and JAMES DOUGLAS ROSS, JR. had been communicating with each other about the plan. She explained that from Kelowna, she took a bus to Christina Lake, British Columbia, Canada. Ms. Kierstead explained further that she walked from the bus depot in Christina Lake towards the Canadian / U.S. border.

    Ms. Kierstead became lost in the woods near the border. She "text messaged" JAMES DOUGLAS ROSS, JR. and advised him that she was lost. JAMES DOUGLAS ROSS, JR., who was waiting for her in the Dodge pick-up truck on Stecker Road, went looking for her. Ms. Kierstead stated that by texting

Plea Agreement - 5
P80204dsd.PBE.wpd

1  each other, JAMES DOUGLAS ROSS, JR. was able to locate her. According to
2  Ms. Kierstead, this was the first time she and JAMES DOUGLAS ROSS, JR. met
3  face-to-face. They walked to the Dodge pick up, entered it, and drove away. A
4  short time later, Border Patrol agents stopped the vehicle.
5      When stopped by the Border Patrol agents, Angela L. Kierstead was
6  unlawfully in the United States having not been duly admitted by an Immigration
7  Officer. JAMES DOUGLAS ROSS, JR. knew that she had entered unlawfully,
8  and was unlawfully present in, the United States.
9      7.   Waiver of Inadmissibility of Statements:
10     JAMES DOUGLAS ROSS, JR. agrees that, if he withdraws his guilty plea,
11 he waives the inadmissibility of statements, if any, made in the course of plea
12 discussions with the United States, pursuant to Fed. R. Crim. P.11(f). JAMES
13 DOUGLAS ROSS, JR. agrees further that any such inadmissible statements also
14 include those statements made at the change of plea hearing to establish facts
15 sufficient for the Court to accept his plea of guilty. JAMES DOUGLAS ROSS,
16 JR. agrees that this waiver permits the United States to move for the introduction
17 into evidence of any such inadmissible statements in its case-in-chief.
18     8.   The United States Agrees to File No Additional Charges:
19     The United States Attorney's Office for the Eastern District of Washington
20 agrees to bring no additional charges against JAMES DOUGLAS ROSS, JR.
21 based on information in its possession at the time of this Plea Agreement and
22 arising out of his conduct as charged in the Indictment, unless JAMES DOUGLAS
23 ROSS, JR. breaches this Plea Agreement any time before or after sentencing.
24     9.   Sentencing Guideline Calculations:
25     JAMES DOUGLAS ROSS, JR. and the United States acknowledge that the
26 final Sentencing Guidelines calculations will be determined by the Court, with
27 input from the United States Probation Office. JAMES DOUGLAS ROSS, JR.
28 and the United States reserve the right to advise the Court and the United States
   Probation Office about the law and facts applicable to any sentencing issues. The

Plea Agreement - 6
P80204dsd.PBE.wpd

Defendant understands and acknowledges that the United States Sentencing Guidelines are applicable to this case, and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

    (a.)    <u>Base Offense Level</u>:

The United States and JAMES DOUGLAS ROSS, JR. agree that his base offense level is 12. *See* USSG § 2L1.1(a)(3).

    (b.)    <u>Specific Offense Characteristics</u>:

The United States and JAMES DOUGLAS ROSS, JR. also agree that his base offense is decreased by 3 levels because the "offense was committed other than for profit." USSG § 2L1.1(b)(1).

    (c.)    <u>Acceptance of Responsibility</u>:

If JAMES DOUGLAS ROSS, JR. pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for his criminal conduct, provides complete and accurate information during the sentencing process, and does not commit any obstructive conduct, the United States will recommend a two-level reduction of his adjusted offense level for acceptance of responsibility. *See* USSG § 3E1.1(a). As a condition of this recommendation, JAMES DOUGLAS ROSS, JR. agrees to pay the $100 mandatory special penalty assessments (*see* 18 U.S.C. § 3013(a)(2)(A)) to the Clerk of the Court for the Eastern District of Washington, at or before sentencing, in accordance with the terms set forth below. *See infra.* <u>Mandatory Special Penalty Assessment.</u> Furthermore, JAMES DOUGLAS ROSS, JR. and the United States agree that the United States may, at its option and upon written notice to JAMES DOUGLAS ROSS, JR., not recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

    (d.)    <u>Criminal History Computation</u>:

JAMES DOUGLAS ROSS, JR. and the United States acknowledge that

Plea Agreement - 7
P80204dsd.PBE.wpd

JAMES DOUGLAS ROSS, JR.'s criminal history computation will be determined by the Court, based on input from the United States Probation Office and the Presentence Investigation Report. JAMES DOUGLAS ROSS, JR. and the United States acknowledge further that they have made no agreement and have made no representations as to the Criminal History Category within which JAMES DOUGLAS ROSS, JR. falls.

10. <u>Incarceration</u>:

(a.) <u>Length of Imprisonment</u>:

JAMES DOUGLAS ROSS, JR. and the United States recommend that a sentence at or below the low-end of the applicable Guidelines sentencing range be imposed in this case.

(b.) <u>Supervised Release Revocation in CR-05-207-WFN</u>:

The United States acknowledges that JAMES DOUGLAS ROSS, JR. will recommend that any sentence imposed in this case be imposed concurrent to the sentence imposed, if any, for violating the term and conditions of supervised release in cause number CR-05-207-WFN.

11. <u>Supervised Release</u>:

JAMES DOUGLAS ROSS, JR is free to make whatever recommendation he deems appropriate concerning the term of supervised release. The United States will recommend that the Court impose a three-year term of supervised release, with the same special conditions of supervised release as already imposed in CR-05-207-WFN.

12. <u>Mandatory Special Penalty Assessment</u>:

JAMES DOUGLAS ROSS, JR. agrees to pay the $100 mandatory special penalty assessments (*see* 18 U.S.C. § 3013(a)(2)(A)) to the Clerk of the Court for the Eastern District of Washington, at or before sentencing, and will provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to the recommendation by the United States for a reduction in offense level to reflect his acceptance of responsibility. If, however,

Plea Agreement - 8
P80204dsd.PBE.wpd

JAMES DOUGLAS ROSS, JR. is presently financially unable to pay the mandatory special penalty assessment, he agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program.

13.  **Criminal Fine:**

JAMES DOUGLAS ROSS, JR. and the United States agree they are free to make whatever recommendation they deem appropriate concerning the imposition of a criminal fine.

14.  **Additional Violations of Law Can Void Plea Agreement:**

JAMES DOUGLAS ROSS, JR. and the United States agree that the United States may at its option and upon written notice to JAMES DOUGLAS ROSS, JR., withdraw from this Plea Agreement or renegotiate its recommendation for sentence if, prior to the imposition of sentence, he is charged or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

15.  **Appeal Rights:**

Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus). Should the conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against JAMES DOUGLAS ROSS, JR. and make derivative use of any statements or information he has provided. However, nothing precludes the United States or JAMES DOUGLAS ROSS, JR. from appealing an unreasonable sentence in accordance with the terms of this Plea Agreement.

16.  **Integration Clause:**

The United States and JAMES DOUGLAS ROSS, JR. acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms or conditions not stated herein. The parties agree this Plea Agreement is binding only upon the United States

Plea Agreement - 9
P80204dsd.PBE.wpd

Attorney's Office for the Eastern District of Washington and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____        2·14·08
Pamela J. Byerly                                              Date
Assistant United States Attorney

I have read this Plea Agreement, and have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____        14 Feb 08
JAMES DOUGLAS ROSS, JR.                          Date
Defendant

I have read this Plea Agreement, and have discussed the contents of the agreement with my client. This Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

Plea Agreement - 10
P80204dsd.PBE.wpd

decision to plead guilty, as set forth in this Plea Agreement. There is no legal reason why the Court should not accept the Defendant's pleas of guilty.

_____     2/14/08
Jaime M. Hawk                        Date
Attorney for the Defendant

Plea Agreement - 11
P80204dsd.PBE.wpd